CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 5:10CR00021 |
| | ) Civil Action No. 5:12CV80421 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| JOEL DOMINGUEZ VAZQUEZ, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Joel Dominguez Vazquez, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss to which Vazquez has responded, making the matter ripe for the court's disposition. For the reasons that follow, the court will grant the government's motion.

## Background

On July 15, 2010, Vazquez was named in a four-count indictment returned by a grand jury in the Western District of Virginia. Count One charged Vazquez with conspiracy to distribute five kilograms or more of a mixture or substance containing cocaine. Count Two charged him with possession with intent to distribute 500 grams or more of a mixture or substance containing cocaine. Count Three charged Vazquez with possession of a firearm in furtherance of a drug trafficking crime. Count Four charged him with possession of a firearm while being an alien illegally within the United States.

On October 26, 2010, Vazquez entered pleas of guilty to Counts One, Two, and Four of the indictment, pursuant to a written plea agreement. He was subsequently sentenced to a total term of imprisonment of 151 months. Vazquez's judgment of conviction was entered on January 27, 2011. He did not appeal his convictions or sentence.

Vazquez executed the instant § 2255 motion on March 12, 2012. In the motion, Vazquez claims that his defense counsel's assistance was ineffective, because counsel failed to fully investigate the case, file pre-trial motions, or challenge the court's application of a firearm enhancement under § 2D1.1(b)(1) of the United States Sentencing Guidelines. Vazquez also claims that counsel coerced him to plead guilty and that the court erred in applying the firearm enhancement.

On June 26, 2012, the government moved to dismiss the defendant's § 2255 motion. After considering the government's motion and the additional memoranda filed by the defendant, the court concludes that the § 2255 motion must be dismissed as untimely.

## Discussion

A person convicted of a federal offense has one year to file a § 2255 motion. See 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

For purposes of the one-year period of limitation, a defendant's convictions become final

2

when the last appeal is taken or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). In this case, neither Vazquez nor the government filed a direct appeal. Consequently, Vazquez's convictions became final on February 10, 2011, fourteen days after the court entered the judgment in his criminal case. See Fed. R. App. P. 4(b)(1)(A). Because Vazquez did not execute his § 2255 motion until March 12, 2012, the motion is untimely under § 2255(f)(1).

In response to the government's motion to dismiss, Vazquez appears to argue that the one-year filing period should be calculated under § 2255(f)(3), based on two recent decisions by the Supreme Court of the United States: Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012) (holding that defense counsel was ineffective in failing to advise the defendant of a plea offer from the prosecution before the offer expired); and Lafler v. Cooper, 132 S. Ct. 1376, 1387-88 (2012) (holding that a habeas corpus petitioner was prejudiced by his attorney's deficient performance during plea bargaining, and that such performance was not "wipe[d] clean" by the fact that the defendant received a fair trial). The court agrees with the government, however, that neither decision supports the defendant's statute of limitations argument.

As a number of courts have recently explained, neither Frye nor Lafler recognized any new rights for criminal defendants. See In re Perez, 682 F.3d 931, 932 (11th Cir. 2012) ("Frye and Lafler did not announce new rules [of constitutional law]."); Buenrostro v. United States, No. 12-71253, 2012 U.S. App. LEXIS 20917, at *6 (9th Cir. Oct. 9, 2012) (same). Instead, the Supreme Court "merely applied the Sixth Amendment right to effective assistance of counsel according to the test first articulated in Strickland v. Washington, 466 U.S. 668 (1984), and established in the plea-bargaining context in Hill v. Lockhart, 474 U.S. 52 (1985)." Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012). In other words, "the cases are merely an application of the Sixth Amendment right to counsel, as defined in Strickland, to a specific

3

factual context." In re Perez, 682 F.3d at 932. Thus, they do not provide a basis for extending the statute of limitations under § 2255(f)(3).\*

Alternatively, Vazquez suggests that the statute of limitations should be equitably tolled. However, equitable tolling is available only in those "rare instances" where "extraordinary circumstances, . . . beyond [the defendant's] control or external to his own conduct, . . . prevented him filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (internal citation and quotation marks omitted). Having reviewed the record, the court is unable to conclude that such extraordinary circumstances exist in this case. While Vazquez emphasizes that he has little education and limited knowledge of legal procedures, "ignorance of the law is not a basis for equitable tolling," even in the case of an unrepresented litigant. See Id. (explaining that "[a defendant's] misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control"). Likewise, the defendant's lack of proficiency in English does not provide a valid basis for equitable tolling. Id.; see also Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002).

For these reasons, the court concludes that Vasquez's § 2255 motion must be dismissed as untimely. Accordingly, the court will grant the government's motion to dismiss. Additionally, because Vazquez has failed to make "a substantial showing of the denial of a constitutional right," the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c)(1).

---

\* The court also notes that the facts of this case are factually distinguishable from those in Lafler and Frye. Vazquez did not proceed to trial like the defendant in Lafler, and he does not claim that his attorney failed to advise him of a plea offer from the government, as was true in Frye.

4

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 19th day of October, 2012.

                                                            */s/ Glen Conrad*
                                                          Chief United States District Judge